# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Statesville DIVISION
# CIVIL ACTION NO. 5:21-cv-00026-KDB-DSC

| | |
|---|---|
| **DFA FAIRY BRANDS, LLC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**PRIMUS BUILDERS, INC.** )<br>**P3 ADVANTAGE, INC.** )<br>)<br>**Defendants.** )<br>)<br>And )<br>)<br>**PRIMUS BUILDERS, INC AND P3** )<br>**ADVANTAGE, INC.** )<br>)<br>**Third-Party Plaintiffs,** )<br>)<br>v. )<br>)<br>**REPUBLIC REFRIGERATION, INC.** )<br>)<br>**Third-Party Defendant.** ) | **ORDER** |

**THIS MATTER** is before the Court on Third-Party Defendant Republic Refrigeration, Inc.'s ("Republic") Partial Motion for Judgment on the Pleadings ("Motion") (Doc. No. 18), the parties' associated briefs and exhibits, (Doc. Nos. 19, 20, 21), and the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered July 27, 2021 (Doc. No. 24), recommending that the Motion be denied. Based on its *de novo* review of the M&R, careful consideration of Republic's Objection to the M&R (Doc. No. 26) and an examination of the full record of these proceedings, the Court concludes that the recommendation to deny Republic's Motion is correct and will deny the Motion, with one exception.

In brief summary, the Court agrees with the conclusion of the Magistrate Judge that the relevant indemnity provisions in the subcontract between Third-Party Plaintiff Primus Builders, Inc. ("Primus") and Republic do not violate public policy. However, the Court finds that Third-Party Plaintiff P3 Advantage, Inc. (P3) does not have an express contractual relationship with Republic, which precludes P3's claim of express indemnity. Accordingly, for the reasons and to the extent stated below, the findings and conclusions of the Magistrate Judge will be **ADOPTED,** and Republic's Partial Motion for Judgment on the Pleadings will be **DENIED,** except as to P3's claim of express indemnity against Republic, on which the Court finds for Republic.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections to the M&R must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In resolving a motion for judgment on the pleadings, as with a motion pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. *Bradley v. Ramsey*, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. *Id.* The court may consider the complaint, answer, motions and any materials attached to those pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. *Alexander v. City of Greensboro*, 801 F. Supp 2d. 429, 433 (M.D.N.C. 2011).

## II. FINDINGS OF FACT

This Court generally accepts the Magistrate Judge's findings of fact as to the parties and the incident that gave rise to this lawsuit. *See* Doc. No. 24 at 1–3. Republic notably objects to some of the M&R's procedural and factual findings. Doc. No. 26 at 2–5. The Court agrees that the pleadings do not support a finding that Plaintiff owned the storage facility where the incident occurred, nor that Plaintiff contracted directly with Defendants to renovate said facility. Rather, Plaintiff DFA Dairy only claims to have stored their products at the facility. Doc. No. 1 at ¶ 7. Lineage Logistics is the owner of the facility and contracted with Defendant Primus to perform the project at the facility. Doc. No. 26 at 3.

Republic also objects to the finding of a contractual relationship between Republic and P3. Doc. No. 26 at 4–5. It is not disputed that Primus was hired as the general contractor for the project. *See* Doc. No. 1 at ¶ 8; Doc. No. 10 at 2 ¶ 8. Likewise, it is undisputed that Primus subsequently subcontracted with both P3 and Republic. *See* Doc. No. 10 at 2 ¶ 11; Doc. No. 15 at ¶ 9. However, although Primus and P3 are both defendants in the initial lawsuit and are both represented by the same counsel, they are separate entities with no overlapping corporate structure. *See* Doc. No. 1 at ¶¶ 2–3. Thus, the record contains no evidence of a contractual relationship between P3 and Republic. Consequently, claims brought by the Third-Party Plaintiffs must be analyzed independently for both Primus and P3.

### III. FINDINGS OF LAW

#### A. Choice of Laws

This Court adopts the M&R's finding that N.C. Gen. Stat. § 22B-2 dictates the applicable choice of law for the improvement of real property in North Carolina. As such, it is proper to apply North Carolina law to the contract in dispute in this motion.

#### B. Express Indemnification

This Court adopts the M&R's finding that under North Carolina law, the relevant indemnity provision in the subcontract between Third-Party Plaintiff Primus and Third-Party Defendant Republic is not against public policy. However, the claim of express indemnification is only available to Third-Party Plaintiff Primus. Under North Carolina law, a party's right to indemnity may arise from express contractual language, an implied contract from the facts, or out of equity. *See Kaleel Builders, Inc. v. Ashby*, 587 S.E.2d 470, 474 (N.C. Ct. App. 2003). Claims of expressed indemnity require clear contractual language providing the right to indemnity. *See Schenkel & Shultz, Inc. v. Hermon F. Fox & Assoc., P.C.*, 636 S.E.2d 835, 840–41 (N.C. Ct. App.

2006). Because no contractual relationship exists between P3 and Republic, P3 cannot properly assert a claim to be expressly indemnified through Republic's contract with Primus, a different entity.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The findings and conclusions of the M&R (Doc. No. 24) are **ADOPTED** to the extent described above;

2. Third-Party Defendant Republic's Motion for Judgment on the Pleadings is **DENIED,** except as to P3's claim for express indemnification; and

3. This action shall proceed on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED**

Signed: August 16, 2021

Kenneth D. Bell
United States District Judge