IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00026-KDB-DSC

| | |
|---|---|
| DFA DAIRY BRANDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PRIMUS BUILDERS, INC. and P3 ADVANTAGE, INC., <br><br> Defendants. <br><br> and <br><br> PRIMUS BUILDERS, INC. and P3 ADVANTAGE, INC. <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> REPUBLIC REFRIGERATION, INC., <br><br> Third-Party Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendants and Third-Party Plaintiffs, Primus Builders, Inc.'s ("Primus") and P3 Advantage, Inc.'s ("P3 Advantage") Motion to Reconsider and/or Alter and Amend the Court's Order (ECF No. 28) or Alternatively to Amend the Third-Party Complaint. (Doc. No. 32).

1

The Court has carefully considered this motion and the parties' briefs in support and in opposition to the motion. For the reasons discussed below, the Court will exercise its discretion to **DENY** the motion.

## I. LEGAL STANDARDS

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). While the Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration," such motions, however, are allowed in certain, limited circumstances. The power to reconsider or modify interlocutory rulings is committed to the discretion of the district court. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir.1991). Further, "the clear policy of the Rules is to encourage dispositions of claims on their merits …." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

Grounds for Rule 54(b) reconsideration include: (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice. *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Such motions are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* The motion is inappropriate where it "merely reiterates previous arguments." *Univ. of Va. Patent Found. V. Gen. Elec. Co.*, 755 F.Supp. 2d 738, 744 (W.D. Va. 2011).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgement on the pleadings." Fed. R. Civ. P. 12(c). In resolving a motion for judgement on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. *Bradley v. Ramsey*, 329 F.Supp. 2d 617, 622 (W.D.N.C. 2004). Judgement on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgement as a matter of law. *Id.* The court may consider the complaint, answer, motions and any materials attached to those pleadings "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. *Alexander v. City of Greensboro*, 801 F.Supp 2d. 429, 433 (M.D.N.C. 2011).

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019).

## II. DISCUSSION

Third Party Plaintiffs' motion rests on several grounds. As discussed briefly below, none have merit. First, they contend that Third Party Defendant Republic Refrigeration, Inc.'s ("Republic") Rule 72 Objection constituted a new motion which the Court should not have considered. The Court disagrees. In both its brief in support of its motion for judgment on the pleadings and Rule 72 Objection Republic argued that the absence of contractual privity between Republic and P3 Advantage precludes P3 Advantage's express indemnity claim. *See* Doc. No. 19 at 4, fn. 2 ("P3 is not a party to the Subcontract. Furthermore, there is no express contract between Republic and P3 containing an indemnity provision or otherwise."); Doc. No. 26 at 2 ("Nor does P3 Advantage have a contractual relationship with Third Party-Defendant Republic as the Magistrate also found. . . . The lack of contractual privity between P3 Advantage and Republic is of great importance here because P3 Advantage's express indemnity claim is based solely on a contractual right to indemnity."). Therefore, Republic's objection was properly made and considered by the Court.[1]

Second, the Third-Party Plaintiffs argue that the Third-Party Complaint, when read in the context of the full record, establishes that P3 Advantage was included in the definition of Indemnitee and was an intended "third-party beneficiary" with respect to the construction subcontract between Primus and Republic. However, as stated in the Court's prior Order (Doc. No. 28), there is no contractual relationship between P3 Advantage and Republic to support a claim of indemnity. Also, as a subcontractor rather than an agent of Primus, P3 Advantage is not among the categories of other individuals and entities specified in the relevant indemnification provision.

---

[1] Further, to the extent that Third Party Plaintiffs' concern is that they had no opportunity to address this issue earlier, the Court's consideration of this motion has given them a full opportunity to make their arguments to the Court.

4

*See* Doc. No. 20-1 at 2; *Kaleel Builders, Inc. v. Ashby*, 161 N.C. App. 34, 40, 587 S.E.2d 470, 475 (2003) ("[P]laintiff has not alleged any circumstances tending to show the existence of an indemnification agreement, either written or oral. No matter how liberally we read plaintiff's complaint, we see nothing suggesting more than a number of independent contractor relationships with plaintiff."). Accordingly, P3 Advantage cannot maintain a viable claim for express indemnity against Republic.

Finally, Third Party Plaintiffs ask the Court to allow them to amend their Third-Party Complaint to plead that P3 Advantage is an intended third-party beneficiary of the subcontract between Primus and Republic and thus entitled to express indemnity. As noted above, motions for leave to amend are properly denied where the amendment would be futile. *See Glob. Locating Sys., LLC v. ShadowTrack 247, LLC*, 2020 U.S. Dist. LEXIS 77878, at *7 (W.D.N.C. May 1, 2020). For the reasons previously stated, based on the current record, the Court finds that the proposed amendment of the Third-Party Complaint would be futile because it would not cure the fundamental deficiencies with P3 Advantage's claim for express indemnity in the absence of a contractual relationship or an applicable indemnification agreement. Thus, the Court will deny the motion to amend.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Third-Party Plaintiffs' motion to reconsider and alternatively to amend (Doc. No. 32) is **DENIED;** and

2. This case shall proceed in accordance with the Court's prior Orders on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 15, 2021

Kenneth D. Bell
United States District Judge